UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ronald De'Ray Skipper,<br><br>    PLAINTIFF<br><br>    v.<br><br>Jumpstart, et al.,<br><br>    DEFENDANTS | Case No. 4:20-cv-04146-TLW-TER<br><br><br>**Order** |

This matter is before the Court on Plaintiff's motion for recusal of the assigned magistrate judge, arguing that the magistrate judge has improperly ruled against Plaintiff in this case and in prior cases, and that the magistrate judge "seems to have some form of personal grudge vendetta against [Plaintiff]." ECF No. 73 at 4. For the reasons set forth below, his motion is denied.

The relevant subsections of the recusal statute—28 U.S.C. § 455—provide as follows:

>   (a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>   (b)   He shall also disqualify himself in the following circumstances:
>
>       (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The test under § 455(a) is an objective one, as "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). "The critical question presented by the statute is not whether the judge is

1

impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (citations omitted). In contrast, the test under § 455(b)(1) is subjective, as it looks to personal bias or prejudice, or personal knowledge of disputed evidentiary facts. *See id.*

In general, to warrant recusal under § 455, the alleged impartiality, bias, prejudice, or personal knowledge of disputed facts must stem from an extrajudicial source—an event, a proceeding, or an experience outside the courtroom in any case, not simply the case presently before the court. *See Liteky*, 510 U.S. at 554–55. Thus, the extrajudicial source doctrine does not require recusal as a result of the judge learning in prior cases about matters related to the instant case or from the judge presiding over a prior case involving the same party, unless it would in some manner impact impartiality. *See, e.g., id.* at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); *Marks v. Cook*, 347 F. App'x 915, 917 (4th Cir. 2009) (holding that the district judge properly denied a motion for recusal in a civil case where the judge previously presided over a criminal proceeding against one of the plaintiffs); *Reed v. Lawrence Chevrolet, Inc.*, 14 F. App'x 679, 687–88 (7th Cir. 2001) (holding that the district judge was not required to recuse himself as a result of having presided over

2

a prior case involving the plaintiff's wife); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 665–66 (D. Md. 2013) (denying a motion for recusal in an employment discrimination case where the district judge had remanded to state court a prior civil case filed by the plaintiff); *In re Sustaita*, 438 B.R. 198, 214 (B.A.P. 9th Cir. 2010) (holding that a bankruptcy judge was not required to recuse himself where, in a prior case, he had found the party in contempt and fined him $1 million); *see also United States v. Cowden*, 545 F.2d 257, 266 (1st Cir. 1976) ("[T]he judicial system could not function if judges could deal but once in their lifetime with a given defendant, or had to withdraw from a case whenever they had presided in a related or companion case or in a separate trial in the same case.").

The only recognized exception to the extrajudicial source doctrine is when the judge has displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. This favoritism or antagonism must be "so extreme as to display clear inability to render fair judgment." *Id.* at 551. The Fourth Circuit has discussed three such examples of where recusal was appropriate:

> In *Liteky,* the Court provided an example of such conduct: the district judge's remark in an espionage case against German–American defendants that "'[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555 (quoting *Berger v. United States*, 255 U.S. 22, 28 (1921)). With this example in mind, courts have only granted recusal motions in cases involving particularly egregious conduct. Thus, in *United States v. Antar*, 53 F.3d 568 (3d Cir. 1995), the Third Circuit concluded that the defendants in a criminal case should have received a new trial in a situation where the judge made clear that his "object in th[e] case from day one" had been to recover funds that the defendants had taken from the public. *Antar*, 53 F.3d at 573. Recusal would have been proper there because "the district judge, in stark, plain and unambiguous language, told the parties that his goal

3

> in the criminal case, from the beginning, was something other than what it should have been and, indeed, was improper." *Id.* at 576. Likewise, in *Sentis Group, Inc. v. Shell Oil Co.,* 559 F.3d 888 (8th Cir. 2009), the court of appeals concluded that recusal would have been appropriate (and thus reassigned the case on remand) under § 455(a) where the judge "directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times" and refused to allow the plaintiffs to present argument at the sanctions hearing. *Sentis Group*, 559 F.3d at 904–05.

*Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Cases involving the extreme facts necessary to support recusal are rare. *See id.* ("Similar examples are, thankfully, not easy to find."). The facts of two of the previously-cited cases where recusal was not required—*Liteky* and *DeTemple*—also serve to illuminate the limited situations that justify recusal.

In *Liteky*, the defendant in a destruction of property case moved to disqualify the district judge based on the judge having convicted the defendant of various misdemeanors in a bench trial eight years earlier. *Liteky*, 510 U.S. at 542. The defendant asserted that, in the prior trial, the judge had displayed "impatience, disregard for the defense, and animosity" towards the defendant, his co-defendants, and their beliefs. *Id.* The district judge denied the recusal motion and the Eleventh Circuit affirmed. *Id.* at 543. The Supreme Court affirmed, holding that "[a]ll of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses." *Id.* at 556.

In *DeTemple*, the district judge presiding over an arson and fraud trial had, while in private practice, represented one of the victims of the defendant's fraud and had sent several dunning letters to the defendant on behalf of the victim. *DeTemple*,

4

162 F.3d at 284. The defendant asserted that the judge should recuse himself, primarily because he was a lawyer in the matter in controversy and that his representation of the victim gave him personal knowledge of disputed evidentiary facts concerning the proceeding. *Id.* at 285. The district judge denied the recusal motions and the Fourth Circuit affirmed, holding that the alleged conflicts raised by the defendant did not support recusal. *See id.* at 287.

A judge is not required to recuse himself based on "unsupported, irrational, or highly tenuous speculation," and "to constitute grounds for disqualification, the probability that a judge will decide a case on a basis other than the merits must be more than trivial." *Id.* (citations omitted). "'[O]pinions held by judges as a result of what they learned in earlier proceedings' are not subject to 'deprecatory characterization as bias or prejudice.'" *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995) (quoting *Liteky*, 510 U.S. at 551). "The Supreme Court has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of the case." *Id.* at 267–68; *see also Belue*, 640 F.3d at 574 ("[R]ecusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." (citation omitted)).

The asserted reasons for recusal set forth in Plaintiff's motion provide no legal or factual basis for recusal. The primary basis for his motion is his assertion that the

5

magistrate judge improperly ruled against him in prior cases and in this case. A judge ruling against a party, even repeatedly ruling against a party, does not support a conclusion that the Court's "impartiality might reasonably be questioned," that the Court "has a personal bias or prejudice concerning [him]," or that the Court "has personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. Thus, the Court concludes that Plaintiff has not met the standard set by § 455 and applicable case law. *See Belue*, 640 F.3d at 574 (referring to "*Liteky*'s high bar for recusal"). Accordingly, his motion for recusal, ECF No. 73, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 31, 2022
Columbia, South Carolina