IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ronald De'Ray Skipper,<br><br>PLAINTIFF<br><br>v.<br><br>Jumpstart; Dave Johnson, Insider Coordinator; Cary Sanders, Inside Director,<br><br>DEFENDANTS | Case No. 4:20-cv-04146-TLW<br><br>**Order** |

Plaintiff Ronald De'Ray Skipper, a South Carolina Department of Corrections (SCDC) inmate proceeding pro se, filed this civil action in state court alleging various federal and state causes of action against Jumpstart—a non-profit entity involved in rehabilitative efforts at SCDC—and two individuals associated with the organization. ECF No. 1-1. Defendants Jumpstart and Sanders removed the case to federal court and soon after filed a motion to dismiss. ECF Nos. 1, 8. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the Magistrate Judge to whom this case was assigned. ECF No. 88.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of

1

> scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. In the Report, the Magistrate Judge, relying on Fed. R. Civ. Proc. 41(b), recommends that this case be dismissed without prejudice due to Plaintiff's failure to respond to Defendants' Motion for Summary Judgment or the court's order requiring him to respond. In the alternative the Magistrate Judge recommends that the Defendants' Motion for Summary Judgment be granted.

Plaintiff alleges a violation of his religious rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and a violation of due process by representatives of JumpStart. ECF No. 1-1. JumpStart is a non-profit 501(c)(3) organization that relies on volunteers and private funding to perform various services for inmates with an aim towards helping them transition from incarceration to a productive life. ECF No. 60-4. JumpStart is a private organization, though Plaintiff necessarily asks this Court to find that JumpStart should be designated as a state actor. The Magistrate Judge, in his Report and Recommendation, examined the issue of whether JumpStart was a state actor in detail. Examining the question of whether Defendants were behaving as state actors, there is no evidence from the record that causes this court to conclude the South Carolina Department of Corrections (SCDC) designated or conceded control over the

inmates who joined the program. Additionally, there is no evidence that SCDC directed JumpStart in its decisions regarding how the program should be run. The extent of the relationship between JumpStart and SCDC was that JumpStart volunteers were given access to the facilities at Perry Correctional Institution for the purpose of conducting purely optional programming for inmates. Plaintiff, a practicing Muslim, acting on his own volition, applied to participate in the JumpStart program in 2018 at Perry Correctional Institution. ECF No. 60-1 at 2. This relationship does not demonstrate conduct sufficient to find that private action has become state action through a "sufficiently close nexus", such that the private action "may be fairly treated as that of the State itself." *American Mfrs. Mut. Ins. Co. v. Sullivan.*, 526 U.S. 40, 50 (1999)(internal citation and quotation omitted). Merely being permitted to access SCDC facilities to conduct optional programming does not raise the Defendants to the level of state actors. Accordingly, Plaintiff cannot bring constitutional claims against Defendants as they are not state actors.[1] Adopting the analysis in the Report, and for the reasons stated here, the Court grants the Defendants' Motion for Summary Judgment.

Another District Judge in South Carolina recently issued an order in which a legal action was brought against JumpStart. *Buchanan v. JumpStart S.C.*, No. 1:21-cv-385, 2022 WL 3754732 (D.S.C. Aug. 30, 2022). The District Judge in that case analyzed the "state actor" issue in significant detail. See *Id*. at 6-8. The Judge granted "…the JumpStart defendants' motion for summary judgment on the grounds that

---

[1] To the extent standing needs to be analyzed as Defendants raise it in response to Plaintiff's objections, JumpStart is not a state actor, therefore Plaintiff has no basis for relief.

3

they are not state actors for purposes of 42 U.S.C. § 1983." *Id.* at 8. That analysis has application here as JumpStart was not a "state actor" in that case, nor for similar reasons are they a state actor in the case before this court.

After careful review of the Report and the objections, for the reasons stated by the Magistrate Judge, the Report, ECF No. 88, is **ACCEPTED**. Plaintiff's objections, ECF No. 90, to the Report are **OVERRULED**. Defendants' Motion for Summary Judgment, ECF No. 60, is **GRANTED**.

**IT IS SO ORDERED**.

*/s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 29, 2022
Columbia, South Carolina